Vartan BALIGIAN et al.

v.

Carel BAINUM.

No. 2008–277–Appeal.

Supreme Court of Rhode Island.

Nov. 24, 2009.

David J. Strachman, Esq., Providence.

Robert J. Healey, Jr., Esq.

ORDER

This case came before the Supreme Court on October 28, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant, Carel Bainum (defendant), appealed *pro se*,[1] from the Superior Court's entry of a preliminary injunction in favor of the plaintiff, Sona Stevens, individually and as executrix of Vartan Baligian's (Vartan) estate (collectively plaintiff). Because we are satisfied that cause has not been shown, we shall decide the appeal at this time. We affirm and remand this case for trial.

The facts in this case present a troubling scenario of money, deceit, and financial abuse of an elderly person.[2] When the trial justice granted the preliminary injunction, Vartan was ninety-seven years old. In the time during which this appeal has been pending, he has died; his daughter, and the executrix of his estate has been substituted as the plaintiff. This case began in 2002, when Vartan loaned defendant $120,000, at 8 percent interest, unsecured and with no payments due until 2007. The record before us discloses that as of May 2, 2008, defendant had made only three payments on this loan.[3] Recognizing Vartan's precarious situation with defendant, plaintiff's children met with her and discussed resolution of the debt; to no avail.

After the aforementioned meeting, defendant visited Vartan, purportedly for an outing for ice cream, but drove to her attorney's office, where they executed a document entitled "Loan Modification Agreement."[4] This agreement delayed any debt repayment until 2018 with no interest accruing. According to this modification agreement, had he lived to finally collect this long overdue debt, Vartan would have been 107 years old. It was at

---

1. Ms. Bainum's appeal and brief were *pro se*. However, at the commencement of oral argument, counsel entered and this Court accepted his entry of appearance.

2. "If only, when one heard
That Old Age was coming One could bolt the door, Answer 'Not at home' And refuse to meet him!"
Kokinshu (Collection of Ancient and Modern Poems) in Barlett's Familiar Quotations 118 (16th ed. 1992) (Translated by Arthur Waley in *Anthology of Japanese Literature* 905 (Donald Keene ed. 1955)).

3. The record from the injunction hearing indicated that defendant had made only those three payments. After hearing oral argument in this case, it was agreed by both parties that defendant actually had made between six and

eight months of payments, at approximately $800 per month. As of the date of oral argument, defendant still owed approximately $115,000 on this loan.

4. The trial justice noted that plaintiff's daughter, Sona Stevens, as primary caregiver to her father, was not shown these documents in advance of her father signing them. Further, the trial justice found: "Ms. Bainum is well-aware that [Vartan's] children disagreed with the prior debt and wanted to collect [it], and not extend the terms. [The defendant] knew they were working with their father to collect the debt when she arrived at the refinancing. She did not tell them in advance that she would ask [Vartan] to refinance or even take him out."

this point that this action was instituted against defendant, seeking injunctive relief as well as compensatory and punitive damages for fraud, breach of contract, and conversion.

A justice of the Superior Court issued an order granting plaintiff's motion for injunctive relief enjoining defendant from spending or transferring any assets beyond her normal and usual personal living expenses.[5] Further, the trial justice also found that the temporary restraining order that previously was issued and that prevented defendant from contacting Vartan would ripen into a preliminary injunction. The defendant appealed.

Before this Court, defendant makes two arguments. First, defendant challenges the trial justice's determination about plaintiff's competency in the absence of expert testimony concerning his competency. Second, defendant argues that the trial justice should have ordered the least restrictive preliminary injunction. We deem both of defendant's contentions to be without merit.

When reviewing a trial justice's decision to grant a preliminary injunction, we do so under an abuse of discretion standard of review. *New England Stone, LLC v. Conte*, 962 A.2d 30, 32 (R.I.2009) (citing *Iggy's Doughboys, Inc. v. Giroux*, 729 A.2d 701, 705 (R.I.1999)). Although a preliminary injunction is an interlocutory order, a direct appeal to this Court is permissible in accordance with G.L. 1956 § 9–24–7. *See Iggy's Doughboys, Inc.*, 729 A.2d at 705.

The defendant's first argument, to the effect that the trial justice made a *competency* ruling without the benefit of expert medical testimony, was not raised before the trial justice. As we have stated numerous times, "this Court's 'raise-or-waive' rule precludes our consideration of an issue that has not been raised and articulated at trial." *Resendes v. Brown*, 966 A.2d 1249, 1254 (R.I.2009) (quoting *State v. Bido*, 941 A.2d 822, 828 (R.I.2008)). Because defendant failed to raise this issue in Superior Court, we decline to address it now. At oral argument and in her papers, defendant repeatedly urged this Court to overrule the trial justice's "competency" determination. This was not a case about competency to contract or otherwise.

It was the trial justice's finding of undue influence by defendant that led to the grant of preliminary injunctive relief. The trial justice found that defendant not only crafted new documents and hoodwinked Vartan into signing them, but that it was her intention "to encumber all of her properties in the hope [of creating] highly speculative businesses," such that "the Court must step in to preserve the status quo." We decline to disturb this finding.

The defendant's second argument, as we understand it, is that the trial justice did not use the least restrictive means possible when he ordered the preliminary injunction. The defendant argued that the trial justice's order should have been more narrowly tailored to permit her to visit Vartan. Unfortunately, the plaintiff since has passed away and this issue is now moot.

5. Specifically, the trial justice said:
"The defendant, Carel Bainum, is preliminary enjoined from transferring, selling, alienating, concealing, consigning, disposing, withdrawing, removing, secreting, encumbering any real estate, cash, bank account, notes, proceed funds, bonds, personal property and items of value, whatever the nature, of any kind in her possession and under her control other than to pay her normal and usual, and personal living expenses. To define that further, she may not convey or encumber any real estate or any assets of more than $2,000 without the permission of this Court on a signed stipulation from the plaintiff's counsel."

It is well settled in this state that a necessary predicate to a court's exercise of its jurisdiction is an actual justiciable controversy. This Court will not entertain an abstract question or render an advisory opinion. *Sullivan v. Chafee*, 703 A.2d 748, 751 (R.I.1997). Because the plaintiff has passed away, it is not necessary for us to review this contention that the preliminary injunction should have allowed for visitation.

For the reasons stated in this order, we affirm the grant of the preliminary injunction. The record may be remanded to Superior Court for trial forthwith.