**Supreme Court**
No. 2017-103-Appeal.
(KC 07-1411)

Sona Stevens et al.          :

v.                :

Carel Bainum.            :

## O R D E R

This case involves the Sisyphean efforts of the defendant, Carel Bainum, to avoid the imposition of prejudgment interest. In a tortuous civil action filed over a decade ago, the plaintiff, Sona Stevens, sought monetary damages arising from Bainum's failure to pay a loan from Stevens's elderly father, Vartan Baligian.[1] In the complaint, Stevens also sought to enjoin Bainum from involvement in any further financial transactions with Baligian, who was then ninety-seven years old. Stevens first obtained the injunctive relief she requested; she then obtained a default judgment for the amount that Bainum admitted to owing Baligian on the loan. It was not until the Superior Court added the statutorily mandated prejudgment interest to that amount that Bainum embarked on her present endeavor.

This case came before the Supreme Court on February 14, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not

---

[1] Baligian, who passed away during the course of this hoary case, was also named as a plaintiff in the complaint.

summarily be decided.[2] After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. Unfortunately for Bainum, she cannot reach the top of the hill because she has failed to present any articulable legal argument to this Court. We thus affirm the judgment of the Superior Court.

After one of multiple mid-litigation trips to this Court—all initiated by Bainum, who appears *pro se*—we remarked that "[t]he facts in this case present a troubling scenario of money, deceit, and financial abuse of an elderly person." *Baligian v. Bainum*, 983 A.2d 271, 271 (R.I. 2009) (mem.).[3] We briefly summarize those facts that are pertinent to this appeal.

"This case began in 2002, when Vartan loaned defendant $120,000, at 8 percent interest, unsecured and with no payments due until 2007." *Baligian*, 983 A.2d at 271. According to the complaint, which was filed in 2007, Bainum did not timely repay that loan when it came due, despite repeated demands by Baligian and Stevens for payment. Rather, at a time when Stevens was traveling out of state, and despite her having directed Bainum to have no financial discussions with her father while she was away, Bainum then "visited Vartan, purportedly for an outing for ice cream, but drove to her attorney's office, where they executed a document entitled 'Loan Modification Agreement.'" *Id.* This was notwithstanding Bainum's knowledge that Stevens, Vartan's primary caregiver, was unhappy with the outstanding debt and wanted to

---

[2] On January 25, 2018, Bainum filed an eleventh-hour motion to withdraw her appeal in this Court. It is clear from her motion and statements at oral argument, however, that she did not do so with the understanding that such a withdrawal would give the final judgment entered in the Superior Court full force and effect. Rather, Bainum simply desired that the case be returned to the Superior Court so that she could file a motion to dismiss the action based on a statement made by Stevens when she was deposed in 2015. Therefore, we will not consider Bainum's motion to withdraw her appeal.

[3] In another recent, unrelated case, we described Bainum as "no stranger to the elderly, or the courts for that matter * * *." *Bainum v. Coventry Police Department*, 156 A.3d 418, 418 (R.I. 2017).

collect it, working with her father to do so. *Id.* at 271 n.4. In fact, Stevens was not notified that Bainum would even be seeing Vartan, let alone that she would ask him to refinance the loan. *Id.* By the terms of the ensuing modification agreement, any debt repayment would be delayed until 2018—with no interest accruing. *Id.* at 271. "[H]ad he lived to finally collect this long overdue debt, Vartan would have been 107 years old." *Id.*

As a result of the nonpayment of the 2002 debt and the execution of the 2007 loan modification agreement, Baligian and Stevens initiated the instant action against Bainum, seeking injunctive relief as well as compensatory and punitive damages for fraud, breach of contract, and conversion. In 2008, a justice of the Superior Court granted an injunction barring Bainum from contacting Vartan and "enjoining defendant from spending or transferring any assets beyond her normal and usual personal living expenses." *Baligian*, 983 A.2d at 272. On review, this Court affirmed, stating:

> "It was the trial justice's finding of undue influence by defendant that led to the grant of preliminary injunctive relief. The trial justice found that defendant not only crafted new documents and hoodwinked Vartan into signing them, but that it was her intention 'to encumber all of her properties in the hope [of creating] highly speculative businesses,' such that 'the Court must step in to preserve the status quo.' We decline to disturb this finding." *Id.*

Thus we returned the case to the Superior Court for trial. *Id.* at 273.

However, this procedural morass continued for years. In January 2012, plaintiff filed a motion for sanctions against defendant alleging her failure to comply with discovery because she had repeatedly failed to appear for scheduled depositions. As a sanction, plaintiff asked the Superior Court to strike and dismiss defendant's answer and counterclaim. A Superior Court justice ordered Bainum to appear at the next scheduled deposition; if she did not, the sanctions

requested by plaintiff would be imposed. Bainum did not appear, and another justice of the Superior Court imposed the sanctions in accordance with the prior order.

Because defendant's answer was stricken, plaintiff then sought to enter default against her. In a March 10, 2014 order, yet another justice of the Superior Court granted plaintiff's motion to enter default on plaintiff's claims of fraud, breach of contract, conversion, and declaratory relief. The defendant filed a notice of appeal from that order. This Court dismissed defendant's appeal as interlocutory on January 12, 2015. *See Stevens v. Bainum*, 105 A.3d 98, 98 (R.I. 2015) (mem.).[4]

On June 3, 2016, a hearing was held before a Superior Court justice on plaintiff's motion to enter default judgment. At that hearing, defendant conceded that she owed plaintiff $96,869 on the outstanding loan. She objected, however, to the addition of prejudgment interest to the principal amount. The defendant argued that plaintiff's counsel was responsible for delaying the case and that the loan was interest-free. The defendant also asserted that the hearing justice had discretion whether to award prejudgment interest. On the contrary, plaintiff argued that the imposition of prejudgment interest is mandatory. The plaintiff indicated that prejudgment interest should run from May 9, 2009—the date of the last payment made by defendant on the loan. The hearing justice ruled that default judgment would enter on the principal amount, and that statutory 12 percent prejudgment interest would begin to accrue from May 2009. On June 15, 2016, final judgment was entered in favor of plaintiff in the amount of $179,207.65 ($96,869 in damages, $82,338.65 in prejudgment interest), plus costs of $358.

In her prebriefing statement to this Court, the defendant bases her appeal first on thirteen "issues" framed as rhetorical questions, then later on six "issues" that really constitute factual

---

[4] As plaintiff points out, Bainum filed additional interlocutory appeals in this case as well.

assertions. She proceeds to simply recite facts without any legal support; there is not a single case or rule of law cited in support of her claims.[5] There are only two identifiable arguments that the defendant makes: (1) the hearing justice should have exercised his discretion and not added prejudgment interest to the principal amount; and (2) because she made payments on the loan until May 2009, there was no breach of contract when the complaint was filed in 2007. Beyond that, we can discern no cognizable legal argument. Yet "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.) (quoting *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002)). Consequently, the defendant's arguments are waived.[6]

The defendant's appeal is denied, and the judgment appealed from is affirmed. The papers in this case shall be remanded to the Superior Court.

Entered as an Order of this Court this 14th day of March, 2018.

By Order,



Clerk

---

[5] We recognize that Bainum is a self-represented litigant. *See Faerber v. Cavanagh*, 568 A.2d 326, 330 (R.I. 1990) ("Even if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure.").

[6] Even if defendant had tried to provide support for her two apparent arguments, they are wholly without merit. Regarding her prejudgment interest argument, *see Danforth v. More*, 129 A.3d 63, 71 (R.I. 2016) ("This Court has consistently recognized that imposition of prejudgment interest pursuant to Rhode Island's prejudgment interest statute [G.L. 1956 § 9-21-10(a)] 'is a ministerial act which does not allow for any discretion by the judge or the jury.'" (quoting *King v. Huntress, Inc.*, 94 A.3d 467, 499-500 (R.I. 2014))); regarding her date-of-breach argument, *see DeMarco v. Travelers Insurance Co.*, 26 A.3d 585, 628 (R.I. 2011) ("[W]e do not consider issues on appeal which were not raised and properly presented during proceedings in the court below.").

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Sona Stevens et al. v. Carel Bainum. | |
| **Case Number** | No. 2017-103-Appeal. <br> (KC 07-1411) | |
| **Date Order Filed** | March 14, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Allen P. Rubine | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> David J. Strachman, Esq. | |
| | For Defendant: <br><br> Carel Bainum, Pro Se | |