■ MATHIAS O. SCHLOTTHAUER, Respondent, v ALAN J. SANDERS et al., Defendants, and MILTON BERLIN, Appellant.—In an action, *inter alia,* to rescind a Sheriff's deed, the defendant Milton Berlin appeals from so much of an order of the Supreme Court, Suffolk County (Saladino, J.), dated June 5, 1987, as upon his motion, dismissed, "without prejudice", the first, second, third, fourth, fifth, sixth, seventh, eighth, fourteenth and fifteenth causes of action asserted in the complaint as against him.

Ordered that the order is modified by adding thereto a provision that the first, second, third, fourth, fifth, sixth, seventh and eighth causes of action are dismissed with prejudice insofar as asserted against the defendant Berlin; as so

modified the order is affirmed insofar as appealed from, without costs or disbursements.

The complaint contains 15 causes of action, 10 of which include assertions against the defendant Berlin. The plaintiff and his wife Barbara Schlotthauer were divorced in 1976, and the plaintiff continued to reside in their former marital residence with their children. The gravamen of the complaint is that Barbara Schlotthauer's one-half interest in the residence was sold based upon a void confession of judgment at a March 17, 1980, Sheriff's sale. It is alleged that the defendant Berlin purchased this property interest, worth in excess of $50,000, for $3,700. Berlin then commenced a partition action against the plaintiff, which is still pending. Berlin was served with the summons and complaint in the instant action on September 4, 1986.

Berlin subsequently moved to dismiss the complaint on the grounds, *inter alia,* that it failed to state a cause of action and was time barred. The Supreme Court found that the complaint, in its present form, failed to state a cause of action in tort against Berlin, and therefore dismissed, "without prejudice", the first eight causes of action, as well as the fourteenth and fifteenth. The plaintiff challenged the dismissal of these causes of action on appeal and we affirmed *(Schlotthauer v Sanders,* 143 AD2d 84). Berlin in this separate appeal, argues that those causes of action should have been dismissed "with prejudice" because they are barred by the applicable Statute of Limitations. We agree that dismissal on Statute of Limitations grounds is appropriate with respect to the first and second causes of action which allege "tortious wrong", the third and fourth causes of action which sound in prima facie tort, and the fifth and sixth causes of action which sound most closely in the tort of intentional infliction of emotional distress. These claims accrued on March 17, 1980, the date of the Sheriff's sale, and were therefore barred by the applicable Statute of Limitations when interposed more than six years after the sale (CPLR 214, 215).

The plaintiff's seventh and eighth causes of action, which allege civil conspiracy, must similarly be dismissed, with prejudice, as time barred because conspiracy is not an independent tort, and is time barred when the substantive tort underlying it is time barred *(see, Williams v Arpie,* 44 NY2d 689).

While the plaintiff's claims for rescission and vacatur of the Sheriff's deed will presumably be determined with respect to

his affirmative defense in the partition action, they are not barred by the six-year Statute of Limitations which applies to claims in equity (CPLR 213 [1]). An owner of real property who is in possession thereof may wait until his possession is threatened before taking steps to vindicate his rights *(Hart v Blabey,* 287 NY 257, 263; *Tursi v St. Joseph's Sanatorium,* 133 AD2d 910) and such an owner will not be time barred, for a Statute of Limitations is one of repose designed to put an end to stale claims, and was never intended to compel resort to legal remedies by one who is in complete enjoyment of all he claims *(see, New York & Brooklyn Suburban Inv. Co. v Leeds,* 100 Misc 2d 1079). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.