MOORE, Chief Justice.
James Freeman, the plaintiff below, a parolee whose earlier parole from a life sentence for murder was revoked, appeals the trial court’s dismissal of his claims against the City of Birmingham;[1] Dewayne Holyfield, a police officer for the City of Birmingham; Charles W. Edwards; and Alma Berry, alleging false arrest, false imprisonment, and conspiracy. For the reasons below, we affirm the trial court’s order of dismissal.

I. Facts

Freeman was convicted of first-degree murder on April 25, 1975, and was sentenced to life in prison. He was granted parole on August 2, 1993. On July 10, 1995, Officer Holyfield responded to a complaint that a man was beating a female near 14th Avenue North in Birmingham. Officer Holyfield drove to that address and discovered a female whose neck had been scratched and whose eyes were blackened and swollen. She claimed that Freeman had attacked her. Based on this incident, a warrant was issued the next day for Freeman’s arrest. He was arrested and charged with “domestic assault” hours after the warrant was issued.
As a result of Freeman’s arrest, Edwards, a senior probation and parole officer with the Alabama Board of Pardons and Paroles, initiated parole-revocation proceedings against Freeman. Berry was the parole-revocation hearing officer at the proceedings. After affording Freeman the opportunity to present evidence and to confront and examine witnesses, Berry found sufficient evidence to support the charge of domestic assault against Freeman. She recommended the revocation of Freeman’s parole. A member of the Board of Pardons and Paroles (who is not a party to this action) subsequently adjudged Freeman guilty of domestic assault and revoked his parole. At the time his *103 parole was revoked, no court had adjudged Freeman guilty of domestic assault.
Freeman was incarcerated after the revocation of his parole, and he remained in prison until March 7, 2011, when -he was again released on parole. During his period of imprisonment between 1995 and 2011, 'Freeman was denied parole six times, based in part, he alleges, on his having committed the offense of domestic assault, of which he had never been convicted. On January 12, 2012, •- Freeman reported to the municipal court in Birmingham “to address the 1995 charge of ‘domestic assault.’” He claims that, when he arrived at the municipal court, he learned for the first time that the 1995 charge was ’assault and battery and not domestic assault.
Freeman filed the present action in the Jefferson Circuit Court on January 10, 2014, more than 18 years after the'revocation of his parole in 1995 and 2 years, 11 months, and 29 days after he appeared in the municipal court in Birmingham and allegedly learned of the assault-and-battery charge against.him. His complaint alleged false arrest, false imprisonment, and conspiracy by Edwards, Berry, and Officer Holyfield and sought damages in excess of $16 million. On March 6, 2014, Edwards and Berry moved the trial court to dismiss the claims against them or, in the alternative, to enter' a summary judgment in their favor. On March 10, 2014, the trial court dismissed Freeman’s claims against Edwards and Berry on statute-of-limitations grounds. On March 14, 2014, Freeman moved the trial court for an extension of time in which to ‘respond to Edwards and Berry’s motion to dismiss, although the trial court had already ruled on that motion., On- March 19, 2014, the trial court purported to grant Freeman a 20-day extension and then, that same day, vacated the extension as having been granted in error.
On March 24, 2014, the City of Birmingham filed a motion to dismiss, alleging that Freeman’s claims were barred by the applicable statutes of limitations and by the notice-of-claim statutes for municipalities. See § 11-47-23 and § 11-47-192, Ala. Code 1975. The ⅛⅛1 court scheduled a hearing on the City ¿f Birmingham’s motion to dismiss for April 15, 2014, and later rescheduled the hearing for April 29, 2014. On April 9, 2014, Freeman filed what he styled as a “motion for- rehearing” of the trial court’s March 10, 2014, order dismissing his claims against Edwards and Berry. On April 21, 2014, Freeman filed a motion for a default judgment against Officer Ho-lyfield in which he alleged that his original complaint had failed to name Officer Holy-field as a defendant[2] and noted that he had amended his complaint on February 13, 2014, “to include [Officer].Holyfield as an alias in an attempt to have [Officer Holyfield] served with the plaintiffs summons and complaint.” Freeman attached to his motion for a default judgment a “Notice of No Service” indicating that Officer Holyfield had not yet been served with the summons and complaint. Freeman claimed in his motion for a default judgment that Officer Holyfield “should be considered served” because Freeman’s “summons and complaint was [sic] specifically addressed to [Officer Holyfield] ..., and someone from [Officer Holyfield’s] office or department [subsequently] filed a motion with the court.” However, the trial court’s case-action-summary sheet indicates that Officer Holyfield had been personally served by the sheriff on February 24, 2012. .
On April 29, 2014, the trial court dismissed. Freeman’s claims against the City *104 of Birmingham. The order of dismissal did not mention Officer Holyfield, even though Officer Holyfield, not the City of Birmingham, was the named defendant in the action.[3] On June 6, 2014, Freeman filed a “Motion for Rehearing,” raising for the first time a 42 U.S.C. § 1983 civil-rights claim and requesting that the trial court reconsider its .March 10, 2014, order that dismissed the claims against Edwards and Berry. The motion does not mention the April 29, 2014, order that dismissed the claims against the City of Birmingham. The trial court scheduled a hearing on Freeman’s motion for rehearing for July 17, 2014. On July 14, 2014, Freeman filed .a motion to vacate the . March 10, 2014, order in favor of Edwards and Berry.
On July 17, 2014, the trial court denied Freeman’s motion for a rehearing and his motion to vacate the March 10, 2014, order, stating: “All defendants having been dismissed from this dction; the case is hereby dismissed.” On August 5,: 2014, the trial court purported to grant'Freeman’s motion for a default judgment against Officer Holyfield only to immediately vacate that order as having be‘en entered in error. On August 7, 2014, Freeman filed a notice of appeal. On November 12, 2014, this Court, noting that it was unclear whether there had been a final adjudication as to Officer' Holyfield; remanded "the cáse by order* to the trial court. The order instructed the trial court 1) to determine whether to make' the March 10, 2014, and April 29, 2014, orders final pursuant to Rule 54(b), Ala. R. Civ. P.; 2) to determine whether another order of adjudication was appropriate; or 3) to do;nothing, in which case the appeal would be dismissed as being from a nonfinal order. In response, the trial court entered the following order on November 14, 2014: “All claims made in the Complaint filed in this matter against the defendants, including Defendant Dewayne Holyfield, individually, are barred by the Statute of Limitations. Therefore, this action is dismissed with prejudice. .. .”[4]
We note that Freeman, has never challenged the trial court’s dismissal of the City of Birmingham as a defendant, either in the trial court or in his appellate briefs, nor did he ever name the City of Birmingham as a defendant. Therefore, we affirm the trial court’s ruling dismissing the City of Birmingham, and we analyze its judgment regarding only the dismissal of Edwards, Berry, and Officer Holyfield.

II. Standard of Review

We review the trial court’s grant of a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., by asking
“whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that *105 a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt.that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted).

III. Discussion

A. Dismissal of Edwards and Berry

The trial court ruled that Freeman’s claims against Edwards and Berry were barred by the applicable.statutes of limitations. Those claims included false imprisonment, the statute of limitations for which,- under § 6—2—34(1), Ala.Code 1975, is six years,[5] and conspiracy, the statute of limitations for which, under § 6-2-38(1), Ala.Code 1975, is two years.[6] The trial court also ruled that Freeman’s false-arrest claim was barred by the statute of limitations. Freeman fails to present any arguments regarding the statute of limitations applicable to his false-arrest claim; therefore, he has waived that issue, and we will not consider that issue. Ex parte Riley, 464 So.2d 92, 94 (Ate.1985) (noting that the failure by an appellant to argue an issue in his. or her brief waives the issue and precludes it from being considered on appeal). ’
“ ‘ “ ‘The very basic and long settled rule of. construction of our courts is that a statute of limitations begins to -run in favor of the party liable from the time the cause of action “accrues.” The cause of action “accrues ’’ as soon as the party in whose favor it arises is entitled to maintain an action thereon.””” Wheeler v. George, 39 So.3d 1061, 1084 (Ala.2009) (quoting Ex parte Floyd,. 796 So.2d 303, 308 (Ala.2001), quoting in turn Garrett v. Raytheon Co., 368 So.2d 516, 518-19 (Ala. 1979)).
“False imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty.” § 6-5-170, Ala.Code 1975. A claim of false imprisonment accrues on the date of arrest. Jennings v. City of Huntsville, 677 So.2d 228, 230 (Ala.1996). See also Skinner v. Bevans, 116 So.3d 1147, 1154 (Ala.Ciy.App.2012) (“A false-imprisonment claim accrues on the.date of arrest-....”). Therefore, Freeman’s false-imprisonment .claim accrued on his date of. arrest on the charge of “domestic assault,” i.e., on July 11, 1995. His false-imprisonment claim against Edwards and Berry was filed more than 18 years after his arrest in 1995, far outside the 6-year statute-of-limitations period.[7]
*106 Freeman’s conspiracy claim against Edwards and Berry likewise fails because “liability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy.” Jones v. BP Oil Co., 632 So.2d 435, 439 (Ala.1993) (citing Allied Supply Co. v. Brown, 585 So.2d 33, 36 (Ala.1991), and Webb v. Renfrow, 453 So.2d 724, 727 (Ala.1984)). “Conspiracy is not an independent cause of action; therefore, when alleging conspiracy, a plaintiff must have a viable underlying cause of action.” Drill Parts & Serv. Co. v. Joy Mfg. Co., 619 So.2d 1280, 1290 (Ala.1993). See also O’Dell v. State ex rel. Patterson, 270 Ala. 236, 240, 117 So.2d 164, 168 (1959) (“Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed”). Freeman’s conspiracy claim rests upon the underlying claim of false imprisonment, which is barred by the statute of limitations. Thus, his conspiracy claim, being dependent on a barred claim, must fail. Accordingly, we affirm the judgment dismissing the claims against Edwards and Berry.

B. . Dismissal of Officer Holyfield

The trial court identified the statutes of limitations as the grounds for dismissing the claims against Officer Holy-field. Freeman has not challenged that holding, although he could have requested to brief this issue following the trial court’s return to our remand order. “[F]ailure to argue an issue in brief to an appellate court is tantamount to the waiver of that issue on appeal.” Ex parte Riley, 464 So.2d at 94. Because Freeman has waived any challenge to the trial court’s judgment in favor of Officer Holyfield on statute-of-limitations grounds, we affirm the judgment of the trial court dismissing Officer Holyfield.

IV. Conclusion

The trial court’s judgment dismissing Freeman’s claims against all defendants is hereby affirmed.
AFFIRMED.
STUART, BOLIN, PARKER, MAIN, and WISE, JJ., concur.
MURDOCK, SHAW, and BRYAN, JJ., concur in the result.

. Freeman never named the City of Birmingham as a defendant, but he identifies the Birmingham Police Department as a mailing recipient of his pleadings. The City of Birmingham nevertheless participated in the lawsuit as if it were a defendant. In their brief to this Court, the City of Birmingham and Officer Dewayne Holyfield treat their pleadings and filings in the trial court as joint, as though the City of Birmingham were defending not just its own interests but the interests of Officer Holyfield as well. However, the record reveals that, in the trial court, the City of Birmingham and its attorney never purported to represent Officer Holyfield or to advance legal arguments on Officer Holy-field’s behalf.

. The original complaint did name Officer Holyfield as a defendant.

. In their brief to this Court, the City of Birmingham and Officer Holyfield allege that this April 29, 2014, order "granted the Motion to Dismiss Holyfield and the City." (Emphasis added.) However, the order states only that the "City of Birmingham's motion to dismiss is hereby granted.” The motion itself, styled "City of Birmingham’s Motion to Dismiss," never mentioned Officer Holyfield except to state, in its summary of the facts,- that "[Freeman] claims lie was arrested by Officer Dewayne Holyfield of BPD [Birmingham Police Department] in [sic] July 10, 1995."

. Officer Holyfield asks this Court in his brief to dismiss Freeman’s appeal as untimely. However, the trial court's order in response to our remand order made all its adjudications final for purposes of appeal on November 14, 2014. Therefore, there is no timeliness issue.

. Section 6-2-34(1) states: "The following must be commenced within six years: ... Actions for any trespass to person or liberty, such as false imprisonment....”

. Section 6-2-38(l) states: "All actions- for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.” See Boyce v. Cassese, 941 So.2d 932, 944 (Ala.2006)(citing § 6-2-38 as the applicable statute, of limitations 'for conspiracy).

. According to 51 Am.Jur.2d Limitation of Actions § 7 (2011):
“A primary purpose of a statute of limitations is to ensure timely notice to the defendant of a claim against him or herí to permit the 'defendant ■ to take' necessaiy steps to gather and preserve the evidence needed to defend against the suit, so that the defendant is not prejudiced by having an action filed against him or her long after the time the defendant could have prepared a defense against- the> -claim. • Statutes of limitation are intended, to -provide, an adverse party a fair opportunity to defend a claim, as well as to preclude claims in which a party’s ability to mount an effective defense has been lessened or defeated due to the passage of time.”
Freeman had ample time (almost two decades) to determine that the 1995- charge against him was assault and battery rather *106 than domestic assault. His failure to do so denied Edwards and Berry of an opportunity to defend against Freeman’s claims.