**Appellant's Motion for Rehearing En Banc Denied and Concurring Opinion on Denial of Motion for Rehearing En Banc filed July 25, 2017.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-15-00134-CV

### AGAR CORPORATION, INC., Appellant

### V.

### ELECTRO CIRCUITS INTERNATIONAL, LLC AND SURESH PARIKH, Appellees

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2008-20480A**

## CONCURRING OPINION ON DENIAL OF MOTION FOR REHEARING EN BANC

I join the court's decision to deny appellant Agar Corporation, Inc.'s motion for rehearing en banc. I write separately to address the statute-of-limitations issue[1]

---

[1] The court appropriately denies en banc rehearing as to Agar's other two en banc issues, though those issues are not addressed in this opinion.

— Agar's argument that the en banc court should overrule the precedent in *Mayes v. Stewart*,[2] step away from the holding that a two-year statute of limitations always applies to civil conspiracy, and instead hold that civil conspiracy is subject to the statute of limitations governing the underlying tort on which the civil conspiracy is based.

Agar roots its argument in the premise that civil conspiracy is a vicarious-liability theory rather than an independent tort. The rule Agar promotes makes sense. It may be the sounder rule, but Texas law is unclear as to whether civil conspiracy is a vicarious-liability theory, an independent claim, or both. Until the Supreme Court of Texas clarifies this issue, it is hard to tell what statute of limitations applies to civil conspiracy.

Eleven sister courts of appeals have agreed with the *Mayes* holding on the statute of limitations for civil conspiracy, including the First Court of Appeals with whom we share a courthouse in downtown Houston and appellate jurisdiction in a ten-county region. Stepping away from the *Mayes* holding would mean stepping away from uniformity in the law within our shared jurisdiction.

Though Agar proposes the better rule, adopting it is not the better choice. Doing so would create a split of authority in the First-Fourteenth shared jurisdiction and that would cause more harm than keeping the inferior rule. So, rather than dissent to the denial of en banc review and advocate for this court to embrace a new, sounder rule, I instead urge the Supreme Court of Texas to clarify the law in this murky area and announce this new rule for applying the statute of limitations to civil conspiracy.

---

[2] 11 S.W.3d 440, 453 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

## Civil Conspiracy: A Muddled Place in Texas Jurisprudence

Agar asks the en banc court to overrule *Mayes v. Stewart*,[3] a binding precedent this court followed in *Navarro v. Thornton*.[4] According to Agar, under Texas law civil conspiracy is a vicarious-liability theory that depends on an underlying tort, and civil conspiracy is not an independent claim. Based on this premise, Agar says it is absurd to apply the two-year statute of limitations to bar liability based on civil conspiracy when a three-year or four-year statute of limitations governs the underlying torts on which Agar bases its claims of conspiracy liability, and Agar's claims would be timely under those statutes.

Though some Texas cases support Agar's premise, it is not clear that the premise is correct. Texas law on this point is uncertain.

### *Civil Conspiracy as a Vicarious-Liability Theory*

Under the law of most American states, civil conspiracy is a vicarious-liability theory under which a co-conspirator who is not liable for a tort by its own conduct may be held jointly and severally liable with another co-conspirator for the tort liability incurred by the other co-conspirator's conduct.[5] Under this approach to civil

---

[3] *Id*.

[4] 316 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[5] *See Freeman v. Holyfield*, 179 So.3d 101, 106 (Ala. 2015); *Thompson v. Cal. Fair Plan Ass'n*, 270 Cal. Rptr. 590, 593 (Ct. App. 1990); *Sterenbuch v. Goss*, 266 P.3d 428, 435–36 (Colo. App. 2011); *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009) (applying District of Columbia law); *Adcock v. Brakegate, Ltd.,* 645 N.E.2d 888, 894 (Ill. 1994); *Birge v. Town of Linden*, 57 N.E.3d 839, 846 (Ind. Ct. App. 2016); *Dickson v. Young*, 210 N.W. 452, 452 (Iowa 1926); *Meyer Land & Cattle Co. v. Lincoln Cty. Conservation Dist.*, 31 P.3d 970, 976 (Kan. Ct. App. 2001); *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 485 (Md. 2006); *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 708 A.2d 283, 286 (Me. 1998); *Terlecki v. Stewart*, 754 N.W.2d 899, 906 (Mich. 2008); *Upah v. Ancona Bros. Co.,* 521 N.W.2d 895, 901–02 (Neb. 1994); *Lopez v. Swyer*, 300 A.2d 563, 568 (N.J. 1973); *Schlotthauer v. Sanders,* 545 N.Y.S.2d 197, 199 (N.Y. App. Div. 1989); *Henry v. Deen*, 310 S.E.2d 326, 334 (N.C. 1984); *Davis v. Clark Cty. Bd.*

3

conspiracy, if a claimant proves the elements needed to show a conspiracy between two alleged co-conspirators and if the claimant proves that one co-conspirator is liable in tort based on conduct in furtherance of the conspiracy, then the other co-conspirator is jointly and severally liable for the first co-conspirator's tort liability, except as to any exemplary damages assessed against the first co-conspirator.[6]

*Civil Conspiracy as an Independent Claim*

A minority of American states treat civil conspiracy as an independent claim, under which a claimant who proves the essential elements of a conspiracy claim may recover the damages the claimant sustained as a proximate result of the conspiracy.[7] Under this approach, liability under a conspiracy claim is not premised on liability for any other tort.[8]

*Civil Conspiracy as a Vicarious-Liability Theory or an Independent Claim, or Both*

Theoretically, a state also could allow claimants to use civil conspiracy as

---

*Of Comm'rs*, 994 N.E.2d 905, 909 (Ohio Ct. App. 2013); *Granewich v. Harding*, 985 P.2d 788, 792 (Or. 1999); *Auld v. Mobay Chemical Co.*, 300 F. Supp. 138, 140 (W.D. Pa. 1969) (applying Pennsylvania law); *Bainum v. Coventry Dep't*, 156 A.3d 418, 421 (R.I. 2017); *Huether v. Mihm Transp. Co.*, 857 N.W.2d 854, 861 (S.D. 2014); *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317–18 (Va. 2014); *Dunn v. Rockwell*, 689 S.E.2d 255, 269 (W. Va. 2009); *Segall v. Hurwitz*, 339 N.W.2d 333, 338 (Wis. Ct. App. 1983).

[6] *See* cases cited in footnote 5 above. *See also* Tex. Civ. Prac. & Rem. Code Ann. § 41.006 (West 2015) ("In any action in which there are two or more defendants, an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant"); *Energy Maintenance Services Group I v. Sandt*, 401 S.W.3d 204, 220–22 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (concluding that a finding of conspiracy does not make one co-conspirator vicariously liable for the exemplary damages assessed against another co-conspirator).

[7] *See Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144–45 (S.C. 2016); *Pohl, Inc. v. Webelhuth*, 201 P.3d 944, 955 (Utah 2008).

[8] *See Allegro, Inc.*, 791 S.E.2d at 144–45; *Pohl, Inc.*, 201 P.3d at 955.

either a vicarious-liability theory or an independent claim, or both, though research has not revealed any jurisdiction that employs this approach.

It is unclear where Texas falls — whether civil conspiracy is a vicarious-liability theory, an independent claim, or both. Though the Supreme Court of Texas does not appear to have stated expressly that civil conspiracy is an independent claim, in some cases the high court has indicated that a party may have conspiracy liability in the absence of liability for any other tort, thus suggesting that conspiracy is an independent claim.[9]

In various cases decided in the last 35 years, the supreme court has set forth five essential elements of a conspiracy claim.[10] For example, in *Massey v. Armco Steel Company*, the high court called civil conspiracy a "cause of action" and proclaimed:

> The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.[11]

The elements include damages the conspiracy proximately caused but not damages caused by one co-conspirator's commission of a tort in furtherance of the conspiracy. If these are the essential elements of a conspiracy claim under Texas law, one might

---

[9] *See First United Pentecostal Church of Beaumont v. Parker*, 2017 WL 1032754, at *6–7 (Tex. March 17, 2017); *Operation Rescue-Nat'l v. Planned Parenthood of Houston*, 975 S.W.2d 546, 553–54 (Tex. 1998); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806, 807–808 (Tex. 1979).

[10] *See First United Pentecostal Church of Beaumont*, 2017 WL 1032754, at *6; *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005); *Operation Rescue-Nat'l*, 975 S.W.2d at 553; *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Massey*, 652 S.W.2d at 934.

[11] *Massey*, 652 S.W.2d at 934.

think it is clear that Texas treats conspiracy as an independent claim.

Yet, in other cases, the supreme court has concluded that civil conspiracy is a "derivative tort" and thus a defendant is not liable under a conspiracy theory unless one of the co-conspirators committed some other tort.[12] In some cases the high court has noted that civil conspiracy is a means by which a claimant can hold all co-conspirators jointly and severally liable for the torts committed by any co-conspirator in furtherance of the conspiracy.[13] In one case, the supreme court expressly said that civil conspiracy can be used as a vicarious-liability theory:

> The concept of civil conspiracy is *sometimes* used by an injured plaintiff as a basis for establishing joint and several tort liability among several parties. To be distinguished from the concept of vicarious liability for concerted action, civil conspiracy "came to be used to extend liability in tort . . . beyond the active wrongdoer to those who have merely planned, assisted, or encouraged his acts."[14]

Though research reveals no case in which the supreme court explicitly says that civil conspiracy may be either a vicarious-liability theory or an independent claim, the high court's use of "sometimes" in the above-cited quotation suggests that perhaps claimants can choose to use civil conspiracy in either way.[15] But, this conclusion is undermined by the high court's holdings that civil conspiracy failed as

---

[12] *See Chu v. Hong*, 249 S.W.3d 441, 444 (Tex. 2008); *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925–26 (Tex. 1979). The Supreme Court of Texas has held that the underlying tort cannot be negligence and has indicated that the underlying tort must be an intentional tort. *See Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614, 617 (Tex. 1996).

[13] *See Tilton*, 925 S.W.2d at 680–81; *Carroll*, 592 S.W.2d at 925–26; *Berry v. Golden Light Coffee Co.*, 327 S.W.2d 436, 438–39 (Tex. 1959).

[14] *Carroll*, 592 S.W.2d at 925–26 (quoting W. Prosser, Handbook of the Law of Torts § 46, at 293 (1971)) (emphasis added).

[15] *See id*.

6

a matter of law because the claimant did not establish any other tort, without any mention that the claimant had chosen to use civil conspiracy as a vicarious-liability theory, as opposed to as an independent claim.[16]

So, though we have no shortage of Texas case law on civil conspiracy, we lack clarity on the nature of it. We do not know whether civil conspiracy is a vicarious-liability theory, an independent claim, or both.[17] This uncertainty becomes a problem in determining which statute of limitations applies to civil conspiracy.

### The Challenge for Determining the Statute of Limitations

If civil conspiracy is an independent tort claim that a claimant may plead and prove without the need to rely on any other tort, it makes sense that civil conspiracy would have its own statute of limitations that would govern all conspiracy claims, as the *Mayes* court concluded.[18] But, if civil conspiracy is a vicarious-liability theory, it would not make sense for a two-year statute of limitations to apply to all liability based on conspiracy, even though the underlying tort in some cases may be governed by a one-year statute of limitations and in other cases by a fifteen-year statute of limitations.[19]

---

[16] *See Chu*, 249 S.W.3d at 444, 447; *Tilton*, 925 S.W.2d at 680–81.

[17] The Committee on Pattern Jury Charges of the State Bar of Texas tried to reconcile the conflicting components in the cases when crafting "PJC 109.1 Question and Instruction on Conspiracy." *See* Texas Pattern Jury Charges, Business Consumer Insurance Employer, 277–79 (2014) (stating that "[l]iability must be dependent on participation in some underlying statutory violation or a tort (other than negligence). . . It is a means for imposing joint and several liability on persons in addition to the actual perpetrator(s) of the underlying tort").

[18]*See Mayes*, 11 S.W.3d at 453 (concluding that two-year statute of limitations in section 16.003(a) of the Civil Practice and Remedies Code applies to all conspiracy claims).

[19] *See, e.g.,* Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (West 2015) (providing that a one-year statute of limitations applies to claims for malicious prosecution, libel, and slander); Tex. Civ. Prac. & Rem. Code Ann. § 16.0045 (West 2015) (providing that a fifteen-year statute of limitations applies to personal-injury claims based on injuries arising as a result of certain criminal conduct).

If the Texas Legislature has reached the public-policy judgment that libel claims should be brought within one year of accrual, it would be incongruous to allow claimants two years to seek recovery based on conspiracy to commit libel.[20] Likewise, if the Texas Legislature has decided as a matter of public policy that battery claims arising as a result of conduct that violates Penal Code section 22.011(a)(2) (sexual assault of a child) may be brought within fifteen years of accrual, it would strike most as bizarre and bewildering to allow claimants only two years to seek recovery based on conspiracy to commit this type of battery.[21] A number of states that treat civil conspiracy as a vicarious-liability theory have concluded that the statute of limitations for the underlying tort applies to any attempt to impose vicarious liability on a co-conspirator for that tort liability.[22]

If claimants could choose to assert civil conspiracy as an independent tort or as a vicarious-liability theory, it would make sense to apply the same statute of limitations whenever claimants asserted civil conspiracy as an independent claim, but it would be problematic to do so when claimants used civil conspiracy as a vicarious-liability theory.

Until the Supreme Court of Texas brings clarity to this muddled area of Texas

---

[20] *See, e.g.,* Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (providing that a one-year statute of limitations applies to claims for libel).

[21] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.0045 (providing that a fifteen-year statute of limitations applies to personal-injury claims based on injuries arising as a result of certain criminal conduct).

[22] *See Filmservice Labs., Inc. v. Harvey Bernhard Enters., Inc.*, 256 Cal. Rptr. 735, 742 (Ct. App. 1989); *Sterenbuch*, 266 P.3d at 435–36; *Nader*, 567 F.3d at 697 (applying District of Columbia law); *Mauvais-Jarvis v. Wong,* 987 N.E.2d 864, 894–95 (Ill. Ct. App. 2013); *Meyer Land & Cattle Co.*, 31 P.3d at 976–77; *Prince George's County v. Longtin*, 19 A.3d 859, 877 (Md. 2011); *Terlecki*, 754 N.W.2d at 906; *Upah*, 521 N.W.2d at 901–02; *Schlotthauer,* 545 N.Y.S.2d at 199; *Stainbrook v. Ohio Sec. of State*, — N.E.3d —, —, 2017 WL 1464523, at *7 (Ohio Ct. App. Apr. 25, 2017); *Auld*, 300 F. Supp. at 140 (applying Pennsylvania law); *Dunlap*, 754 S.E.2d at 320–21; *Dunn*, 689 S.E.2d at 269; *Segall*, 339 N.W.2d at 338–39.

law and reveals the true nature of civil conspiracy, intermediate courts of appeals will find it tough to analyze and resolve the statute-of-limitations issue.

## The Better Course: Promoting Predictability in the Law

Every sister court of appeals in Texas that has addressed which statute of limitations applies to conspiracy liability has agreed with this court's conclusion in *Mayes*.[23] The two that have yet to adopt the *Mayes* rule do not appear to have addressed the issue.[24] If this court were to grant en banc rehearing, overrule *Mayes*, and adopt the rule Agar advocates, we would create a conflict among the courts of appeals that most likely would persist until the Supreme Court of Texas resolved the issue.

While a conflict among the state's intermediate courts would mean a lack of statewide consistency, the law, though unsettled at the state level, at least would be clear and predictable within each court-of-appeals district — except for the uniquely-situated First and Fourteenth. These two independent courts hold the highly unusual distinction of sharing judicial power within the same geographical

---

[23] *See Tucker v. Bedgood,* 2016 WL 7011584, at *3 (Tex. App.—Corpus Christi Mar. 17, 2016, no pet. h.) (mem. op.); *Archer v. Allison,* 2015 WL 7889910, at *3 (Tex. App.—Amarillo Dec. 3, 2015, pet. denied) (mem. op.); *Bennett v. Reynolds*, 2014 WL 4179452, at *10 (Tex. App.—Austin Aug. 22, 2014, pet. denied) (mem. op.); *Dodson v. Ford,* 2013 WL 5433915, at *4 (Tex. App.—Fort Worth Sept. 26, 2013, no pet.) (mem. op.); *Sharpe v. Roman Catholic Diocese of Dallas,* 97 S.W.3d 791, 795 (Tex. App.—Dallas 2003, pet. denied); *Chandler v. Chandler,* 991 S.W.2d 367, 394 (Tex. App.—El Paso 1999, pet. denied); *Martz v. Weyerhaeuser Co.,* 965 S.W.2d 584, 587 (Tex. App.—Eastland 1998, no pet.); *Fisher v. Yates,* 953 S.W.2d 370, 381 (Tex. App.—Texarkana 1997, writ denied); *Allen v. City of Midlothian,* 927 S.W.2d 316, 322 (Tex. App.—Waco 1996, no writ); *Stroud v. VBFSB Holding Corp.,* 917 S.W.2d 75, 82 (Tex. App.—San Antonio 1996, writ denied); *Stevenson v. Koutzarov,* 795 S.W.2d 313, 318 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

[24] *See Tucker*, 2016 WL 7011584, at *3; *Archer,* 2015 WL 7889910, at *3; *Bennett,* 2014 WL 4179452, at *10; *Dodson,* 2013 WL 5433915, at *4; *Sharpe,* 97 S.W.3d at 795; *Chandler,* 991 S.W.2d at 394; *Martz,* 965 S.W.2d at 587; *Fisher,* 953 S.W.2d at 381; *Allen,* 927 S.W.2d at 322; *Stroud,* 917 S.W.2d at 82; *Stevenson,* 795 S.W.2d at 318.

jurisdiction. For these atypical courts, conflicts in the law are more complicated and more costly.

When either the First or the Fourteenth creates a conflict with the other, an inescapable consequence is the loss of uniformity on that point of law within the shared jurisdiction. A split of authority between the First and Fourteenth upends stability and makes the law uncertain and unpredictable for trial courts and litigants in the jurisdiction the two courts share. Simply stated, because the geographical districts for the First and Fourteenth completely overlap,[25] when these two courts disagree, it means there will be no uniformity on that point within the ten-county region. So, if the two courts were not aligned on today's statute-of-limitations issue, litigants on the north side of the Harris County 1910 Courthouse (home of the First Court of Appeals) would face a different statute-of-limitations rule for civil conspiracy than litigants on the south side of the courthouse (home of the Fourteenth Court of Appeals), and there would be divergent outcomes in the same courthouse in cases with substantially similar facts. The rule of law is not well served when litigants in like circumstances are not treated alike.

Under the doctrine of vertical stare decisis, trial courts in our shared jurisdiction are duty-bound to follow the precedents of both the First and the Fourteenth Courts of Appeals. If the Fourteenth were to part ways with the First on today's statute-of-limitations issue, then trial courts in our shared jurisdiction ostensibly would be obliged to follow two equally binding yet different rules, the application of which often would lead to opposite outcomes. On appeal, the trial judge's ruling would be held to be correct or incorrect based on which court of

---

[25] *See* Tex. Gov't Code Ann. § 22.201. The ten counties comprising the shared jurisdiction are the counties of Austin, Brazoria, Chambers, Colorado, Fort Bend, Galveston, Grimes, Harris, Waller, and Washington. *See* Tex. Gov't Code Ann. § 22.201.

10

appeals reviews the case, a key fact not known to the trial judge or the litigants until after the decisions are made. If the trial judge guesses wrong and the court of appeals to which the case is assigned deems the error harmful, then the trial court will be reversed, and the case may be remanded for retrial. Time, money, and judicial resources will be wasted. Expectations will be frustrated. And, the rule of law will not be served.

When two independent courts share judicial power within a single jurisdiction, predictability in the law is always at risk because the law does not command a single result. In split-of-authority cases, the doctrine of vertical stare decisis effectively disappears, and with it goes this valuable rule-of-law benefit. Despite this unwelcome consequence, it is not unusual for the First and Fourteenth to disagree on points of law. Nor is it unusual for either of these sister courts to sacrifice uniformity in the shared jurisdiction for the sake of what they perceive to be a sounder, more efficient, or otherwise better rule.

Today's en banc rehearing motion presents a rare combination of circumstances that makes the case for forgoing the sounder option that Agar urges and instead preserving the *Mayes* precedent. Too many questions surround the law on civil conspiracy. Unless and until the supreme court clarifies that civil conspiracy is a vicarious-liability theory, there can no assurance that *Mayes* should be overruled. Perhaps hindered by the lack of clarity, the courts of appeals that have addressed the statute-of-limitations issue may not have analyzed it fully or reached the right answer, but they stand together in perfect alignment. Because the issue is a frequently-recurring one, we face a heightened need for certainty and uniformity within our shared jurisdiction. So, today the better course is to promote predictability in the law by sticking with the *Mayes* rule even though it is the lesser option. Extraordinary circumstances do not require en banc rehearing to overrule

11

*Mayes*, nor is en banc rehearing necessary to secure or maintain uniformity in this court's decisions.[26]  The en banc court rightly denies rehearing en banc.


/s/     Kem Thompson Frost
Chief Justice


The En Banc Court consists of Chief Justice Frost and Justices Boyce, Christopher, Jamison, Busby, Donovan, Brown, Wise, and Jewell.

Chief Justice Frost issues an En Banc Concurring Opinion in which Justice Christopher joins.

---

[26] *See* Tex. R. App. P. 41.2(c).