19-215-cr
Powell v. Lab Corporation et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

TERENCE C. POWELL,

                     *Plaintiff-Appellant*,

                     v.                                          19-215

LAB CORPORATION, NEW YORK STATE UNIFIED COURT SYSTEM, NATIONAL GRID, IBEW LOCAL 1049, INEZ NAPIER, KEVIN NAPIER,

                     *Defendants-Appellees*.

_____

| | |
|---|---|
| Appearing for Appellant: | Terence C. Powell, pro se, Cambria Heights, NY. |
| Appearing for Appellee Lab Corporation: | Keith E. Edeus Jr., Nixon Peabody LLP, Chicago, IL. |
| Appearing for Appellee New York Unified Court System: | David Lawrence, III, New York State Office of the Attorney General, New York, NY. |

Appearing for Appellee National Grid:    Patrick Michael Collins, Ogletree, Deakins, Nash, Smoak & Stewart, PC, New York, NY.

Appearing for Appellee IBEW Local 1049:  Katherine Meredith Morgan, Holm & O'Hara LLP, New York, NY.

Appearing for Appellee Inez Napier:    Inez Napier, pro se, Central Islip, NY.

Appearing for Appellee Kevin Napier:    Kevin Napier, pro se, Central Islip, NY.


Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Terence C. Powell, proceeding pro se, appeals the district court's judgment granting the defendants' motions to dismiss. Powell alleged that the defendants conspired against him in state court paternity actions, in drug testing him and discharging him from employment, and in having him arrested three times. Powell raised claims under 42 U.S.C. § 1983, the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff-1, and state law.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[Although] a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Twombly* and *Iqbal* overruled the "no set of facts" standard laid out in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253–54 (2d Cir. 2014). Powell's arguments relying on *Conley*'s standard are therefore meritless. The district court properly applied the *Twombly* standard and dismissed the complaint for the following reasons.

First, as the district court correctly determined, the Section 1983 claims were untimely and there was no basis for equitable tolling. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (citation omitted). The statute of limitations for a

---

[1] Powell also raised claims under Title VII; however, Powell has abandoned those claims by failing to address them in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that a pro se appellant had abandoned an issue by failing to address it in his appellate brief).

Section 1983 action in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Powell filed his complaint in June 2017; therefore, his claims must have accrued in June 2014 or later to be timely. *See Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (holding that a cause of action accrues when the plaintiff knows or has reason to know of the injury on which the action is based). But Powell's allegations arose from acts that occurred from 1994 to 2013, outside the statute of limitations.[2] Although Powell argues on appeal that conspiracy has a statute of limitations of five years, he provides no citation to support that assertion, and the case law is clear that the statute of limitations for conspiracy under Section 1983 is three years. *See Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993) (applying three-year statute of limitations to Section 1983 conspiracy claims). Further, "[t]he existence of a conspiracy does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs," and the discrete acts that Powell complains of all occurred outside the statute of limitations. *Singleton v. City of New York*, 632 F.2d 185, 192–93 (2d Cir. 1980).

Second, the district court properly dismissed the GINA claim. GINA makes it unlawful for an employer to discharge or otherwise discriminate against an employee based on genetic information or testing. 42 U.S.C. § 2000ff-1(a)(1). However, Powell alleged that he was discharged based on a drug test, and drug tests are not genetic tests within the meaning of GINA. *See* 29 C.F.R. § 1635.3(f)(4)(i) ("A test for the presence of alcohol or illegal drugs is not a genetic test."). We decline to consider Powell's allegation, raised for the first time on appeal, that he was also discharged because of his "paternity issues." *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alteration omitted)).

Third, the district court did not abuse its discretion in exercising supplemental jurisdiction over the state law claims against most of the defendants and dismissing those claims with prejudice.[3] *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("[This Court] review[s] the district court's decision to exercise such jurisdiction under an abuse-of-discretion standard."). The district court properly balanced the factors of judicial economy, convenience, fairness, and comity, and determined that the defendants should not be subject to additional frivolous litigation in state court. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (discussing balancing factors). Specifically, the court properly held that false arrest, defamation, and intentional infliction of emotional distress have a one-year statute of limitations, so those claims expired in 2014 at the latest and were time-barred. *See* N.Y. C.P.L.R. § 215(3);

---

[2] Although Powell filed a NLRB case against National Grid in 2016, he did not allege any claims or injuries arising from that case, nor does he (or could he) assert that he was unaware of his claims until his contact with the NLRB. In any event, Powell conceded in his complaint, and in his appellate brief, that "the last overt act"—the date of the most recent paternity action dismissal—occurred in 2013.

[3] The district court did not err in declining to exercise supplemental jurisdiction over the state law claims against defendant IBEW because IBEW did not appear that proceeding. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

*Gallagher v. Dir. Guild of Am.*, 144 A.D.2d 261, 262 (1st Dep't 1988).[4] And, although the court dismissed the state law fraud claims on the merits, we affirm their dismissal because they were also time-barred. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). Fraud has a six-year statute of limitations, *see* N.Y. C.P.L.R. § 213(8), and, liberally construing Powell's complaint as alleging that the paternity test (in 1999) and drug tests (from 2008 to April 2011) were fraudulent, those claims expired in 2005 and April 2017 (two months before he filed his complaint).

Fourth, the district court did not err in denying Powell leave to file an amended complaint. Denials of leave to amend based on futility are reviewed de novo. *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Typically, a pro se plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," but leave to amend need not be granted where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Here, Powell's Section 1983 and state law claims were time-barred, and an amendment could not cure that deficiency. And Powell's GINA claim was clearly meritless.

Finally, to the extent Powell raises new claims on appeal (bad faith, breach of the duty of fair representation, equal protection violations, negligence, and judicial and attorney conflicts), we decline to consider those claims. *See Harrison*, 838 F.3d at 96.

We have considered the remainder of Powell's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] To the extent Powell raised state claims of conspiracy, harassment, "illegal random testing policies," and "withholding drug testing documentation," those are not cognizable torts under New York law. *See, e.g.*, *Nerey v. Greenpoint Mortg. Funding, Inc.*, 144 A.D.3d 646, 648 (2d Dep't 2016) ("New York does not recognize an independent tort of conspiracy."); *Mago, LLC v. Singh*, 47 A.D.3d 772, 772 (2d Dep't 2008) ("New York does not recognize a common-law cause of action alleging harassment."). In any event, such claims would be subject either to a one-year or three-year statute of limitations. *See Gallagher*, 144 A.D.2d at 262; *Schlotthauer v. Sanders*, 153 A.D.2d 731, 732 (2d Dep't 1989) ("[C]onspiracy is not an independent tort, and is time barred when the substantive tort underlying it is time barred.").

4